*J. A. Drake, P. Z. Geer,* for plaintiff in error.

*P. D. Rich, solicitor,* contra.

---

### 15419. PLUMMER *v.* THE STATE.

BROYLES, C. J. 1. Under repeated rulings of the Supreme Court and of this court a special ground of a motion for a new trial must be complete within itself, and will not be considered when a reference to the brief of the evidence or other portions of the record is necessary to enable the reviewing court to determine whether error has been committed.

(a) Under this ruling the following ground of the motion for a new trial is too defective to be considered: "Because the court erred in failing to charge to the jury the law relating to circumstantial evidence." It should have been alleged in the ground that the conviction of the defendant depended wholly upon circumstantial evidence.

2. Complaint is made in another ground of the motion for a new trial that the judge "assumed to the jury that there was a still," when he instructed them in his charge that, "if you are satisfied to a moral and reasonable certainty, and beyond a reasonable doubt, there was whisky at this still, . . it would be your duty to convict." The fact "that there was a still" was shown by the undisputed evidence, and was not an issue of fact in the case. It follows that this charge does not require another hearing of the case.

3. There was evidence authorizing the verdict, and, the finding of the jury having been approved by the trial judge, this court is without authority to interfere.

·*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 14, 1924.

Accusation of violating liquor law; from city court of Dublin—Judge Sturgis. January 26, 1924.

*T. E. Hightower,* for plaintiff in error.

*William Brunson, solicitor,* contra.